UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:24-CV-00008-DLB-EBA

JAMES ERNEST GANDY, JR.,                                                PLAINTIFF,


V.                              **REPORT AND RECOMMENDATION**


UNITED STATES OF AMERICA,                                              DEFENDANT.

*** *** *** ***

Before the Court is the United States of America's motion to dismiss. [R. 19]. Plaintiff James Ernest Gandy, Jr. was directed to file a response to the United States' motion no later than June 9, 2025, [R. 20], but no response was ever filed, and the time to do so has now passed. *See* L.R. 7.1(c). By prior order, Chief Judge David L. Bunning referred this matter to the undersigned for "discovery and pretrial management, including preparing proposed findings of fact and conclusions of law on any dispositive motions." [R. 12]. The matter is ripe for review.

**I.**

Gandy, a former federal inmate, filed a claim against the United States under the Federal Tort Claims Act on January 24, 2024. [R. 1]. The Court entered a Scheduling Order on May 17, 2024. [R. 16]. It provided, *inter alia*, that discovery would close on March 17, 2025, and, by that same date, the parties were to file reports apprising the Court of the status of the case. [*Id.*]. Gandy never filed a status report, but the United States did. [R. 17]. Therein, the United States advised that it had not received any communication from Gandy during discovery. [*Id.*]. The undersigned subsequently ordered Gandy to show cause as to why it should not be recommended that his claim be dismissed for failure to prosecute no later than April 18, 2025. [R. 18]. Once again, Gandy

failed to respond. The United States now moves to have Gandy's action dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. [R. 19].

## II.

Rule 41(b) provides district courts with "the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Rule's purpose is to serve the "district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on tax-supported courts and opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (cleaned up).

Rule 41(b) should be employed "only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted). Four factors guide a court's determination of whether dismissal is appropriate under this standard:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). No singular factor is dispositive, *id.*, and a court's decision to dismiss a case under Rule 41(b) is discretionary. *Little*, 984 F.2d at 162.

Where the plaintiff facing Rule 41(b) dismissal is proceeding *pro se*, while they are "entitled to some latitude when dealing with sophisticated legal issues," no such additional latitude need be given regarding "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "Examples of violated 'straightforward procedural requirements' precipitating a Rule 41(b) dismissal of a *pro*

*se* case include a failure to conduct discovery by established deadlines, an absence of docket activity besides requests for continuances, and failure to abide by deadlines for pretrial disclosures." *Chapa v. Kenton Cnty. Judge Exec.*, Civil Action No. 21-22-DLB-MAS, 2023 WL 4553602, at *2 (E.D. Ky. July 14, 2023) (internal citations omitted).

### III.

Upon review and application of the *Knoll* factors, the undersigned concludes that Gandy's action should be dismissed. First, "willfulness, bad faith, or fault can be inferred where a party 'display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Gandy failed to respond to several of this Court's orders or engage in any discovery or other communication with the United States, nor did he file any response to the present motion. Consequently, because Gandy's inaction "indicates at least reckless disregard for the effect of [his] conduct on this action." *id.*, the first *Knoll* factor weighs in favor of dismissal.

The second factor—whether Gandy's conduct prejudiced the United States—also weighs in favor of dismissal. "[A] defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (alterations in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). As noted above, Gandy has failed to conduct any discovery or otherwise engage in the prosecution of his case in any form. The United States has provided scant evidence that it expended substantial resources in attempting to litigate this case, and in attempting to communicate with Gandy. [*See* R. 19 at pgs. 3–4]. Nevertheless, Courts have found that the second factor weighs in favor of

dismissal under similar circumstances because "the law strong favors the expedient disposition of cases." *Chapa*, 2023 WL 4553602, at *4 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). The second factor, therefore, weighs slightly in favor of dismissal.

Regarding the third factor, Gandy was indisputably put on notice that his continued inaction and inability to cooperate in discovery could lead to the undersigned's recommendation that his claims be dismissed. [*See* R. 18]. The third *Knoll* factor, "a key consideration" in determining whether dismissal under Rule 41(b) is appropriate, *Stough*, 138 F.3d at 615, therefore weighs in favor of dismissal. But the fourth factor, which considers whether less drastic sanctions were imposed or considered before dismissal was ordered, *Knoll*, 176 F.3d at 363, does not weigh in favor of dismissal because no prior sanctions were considered or imposed on Gandy in this case.

In sum, the first three *Knoll* factors—including the third factor, "a key consideration" in weighing dismissal under Rule 41(b), *Stough*, 138 F.3d at 615—weigh in favor of dismissal, but the fourth factor weighs against dismissal under Rule 41(b). Accordingly, having considered the matter, and being sufficiently advised,

**IT IS RECOMMENDED** that the United States' motion to dismiss, [R. 19], be **GRANTED**.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections

within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2).

Signed June 23, 2025.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge